**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAMIEN CASTRO, et al., | Civil Action No. 13-3376 (MAS) |
| Plaintiffs, | |
| v. | **OPINION** |
| PERTH AMBOY POLICE DEPT., et al., | |
| Defendants. | |

**APPEARANCES:**

    DAMIEN CASTRO, Plaintiff pro se
    # 93518
    Middlesex County Jail
    P.O. Box 266
    New Brunswick, New Jersey 08903

**SHIPP**, District Judge

Plaintiff, Damien Castro, a state inmate confined at the Middlesex County Jail in New Brunswick, New Jersey, at the time he filed this Complaint, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence and prison account statement, the Court will grant Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint accordingly.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief

from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be stayed via administrative termination pending conclusion of Plaintiff's related state criminal proceedings.

## I. BACKGROUND

Plaintiff, Damien Castro ("Plaintiff"), alleges that on August 4, 2011, Detectives Mohammed and Ralph Dinero of the Perth Amboy Police Department entered Plaintiff's residence without a "valid search warrant" or consent. (ECF No. 1, Complaint at ¶ 6, Statement of Claims.) Plaintiff further alleges that other named Defendants also "unlawfully entered Plaintiff's house destroying Plaintiff's property and violating Plaintiff's constitutional rights." (*Id.*) Plaintiff identifies these Defendants as John Doe Defendants 1-5 of the U.S. Marshal's Service, Officer Doe Grasso and Officer Kuster of the New Jersey State Police, and Tim Savage, Sgt. Schroeder and John Does 1-5 of the New Jersey Attorney General's Office, Criminal Division. (*Id.*, Caption, ¶4b-4d.)

Plaintiff seeks monetary damages of $2.5 million from each named Defendant. He also asks for "injunctive relief" but does not indicate the nature of the injunctive relief sought. (*Id.*, ¶ 7.)

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. Specifically, the PLRA directs the district court to screen the complaint for cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

2

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*, 556 U.S. at 676). *See also Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) ("The touchstone of the pleading standard is plausibility. ... "[A]llegations that are no more than conclusions are not entitled to the assumption of truth; ... [a court should] "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'") (citations omitted). In short, "[a] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Iqbal*, 556 U.S. at 678-79). Thus, while pro se pleadings are liberally construed, *Higgs v. Atty. Gen.*, 655 F.3d 333, 339 (3d Cir. 20011), "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). Nonetheless, courts must be cognizant that the *Iqbal* standard "is not akin to a probability requirement." *Covington v. International Association of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679).

3

## III. SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## IV. DISCUSSION

### A. Claim as to Plaintiff T. Castro

Plaintiff appears to be asserting a claim on behalf of his minor child, T. Castro. (ECF 1, Compl., Caption.) Initially, the Court must examine whether Plaintiff has standing to sue on behalf of his minor child, T. Castro. Plaintiff may have standing to assert the rights of a third party if he can show that (1) Plaintiff has a "'close' relationship with the person who possesses the right", and (2) there is a "'hindrance' to the possessor's ability to protect his own interests." *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004) (quoting *Powers v. Ohio*, 499 U.S. 400, 411 (1991)). In this case, it would appear that Plaintiff does have standing to assert T. Castro's rights as a third party because Plaintiff and T. Castro are in a parent/child relationship, and T. Castro, as a minor, possesses a hindrance, namely, his age, to protect his own interests.

4

However, the Complaint must be dismissed as to T. Castro because Plaintiff fails to allege any injury, constitutional or otherwise, to the minor child. In fact, the Complaint is completely lacking in any factual allegations pertaining to T. Castro and the incident at issue. The minor child is referenced only in the caption of the Complaint.

Therefore, as pled, Plaintiff has not asserted sufficient facts, as required in *Iqbal*, to proceed past the *sua sponte* screening with any third-party claim on behalf of his minor child, T. Castro. Accordingly, the Complaint will be dismissed for failure to state a claim for relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(II). This dismissal is without prejudice to Plaintiff seeking leave to amend his Complaint to address or cure the deficiencies as noted in this Opinion.

B. Unlawful Search Claim

The principal claim asserted in the Complaint involves Plaintiff's allegation that the Defendants conducted an unlawful search of his residence without a valid search warrant or consent in violation of the Fourth Amendment. The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV.; *Miller v. Hassinger*, 173 F. App'x 948, 952 (3d Cir. 2006); *Martin v. Unknown U.S. Marshals*, --- F. Supp.2d ----, 2013 WL 4431789, *25 (D.N.J. Aug. 15, 2013). Thus, a search or seizure conducted without a warrant or probable cause may form the basis of a § 1983 claim based on the Fourth Amendment. *See Reedy v. Evanson*, 615 F.3d 197 (3d Cir. 2010) (precluding summary judgment of plaintiff's § 1983 claim arising from unlawful search and seizure and subsequent arrest where police officer conducted warrantless searches and made false statements and

5

omissions in his application for an arrest warrant); *United States v. Silveus*, 542 F.3d 993, 999 (3d Cir. 2008) ("warrantless searches ... are per se unreasonable under the Fourth Amendment").

Here, as noted above, the Complaint alleges that Defendant officers entered Plaintiff's residence without Plaintiff's consent or a valid warrant, and conducted a search of the premises, destroying Plaintiff's property. (ECF No. 1, Compl. at ¶ 6.) It also appears that Plaintiff was arrested as a result of the warrantless search. Accordingly, under these alleged facts, if true, the Complaint is sufficient to survive this Court's initial screening under 28 U.S.C. §§ 1915 (e)(2)(B) and 1915A.[1]

However, because it appears that Plaintiff may be a pretrial detainee, subject to pending criminal proceedings in state court, the Court will stay this federal § 1983 action pending completion of the state criminal case.

Where criminal charges against a plaintiff remain pending and the allegations of the § 1983 complaint suggest that the evidence obtained in the challenged search may affect the disposition of those pending criminal charges, the Court should stay the Fourth Amendment claim asserting unlawful search and seizure pending the resolution of the state criminal case. *See Turner v. Nirenberg*, Civil Action No. 10-693 (NLH), 2010 WL 1752512, *5 (D.N.J. Apr. 20, 2013) (citing Wallace v. Kato, 549 U.S. 384, 393-95 (2007)).

---

[1] The alleged unlawful search took place on August 4, 2011, according to the Complaint. To be timely, Plaintiff's claim must be filed within the two-year limitations period, as any claim of an unlawful search accrues at the time of the search: in this instance, August 4, 2011. *See MacNamara v. Hess*, 67 F. App'x 139, 143 (3d Cir. 2003) (not precedential) (recognizing that "any Fourth–Amendment–based claim accrued on the same day as the allegedly unlawful search and seizure"). Accordingly, "[a]ny federal Section 1983 claim based on the Fourth Amendment, must be brought within the statute of limitations, irrespective of pending or concluded state criminal proceedings." *Rodwell v. Weaver*, Civil Action No. 12-989 (KM), 2012 WL 4955249 at *5 (D.N.J. Oct. 10, 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393-397 (2007)). Thus, Plaintiff's Complaint, filed on or about May 30, 2013, is timely as it was filed within two years after the alleged incident, that is, before August 4, 2013.

In deciding whether to grant a stay of a civil case where there are pending criminal proceedings, the Court should consider the following factors:

> 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest.

*Turner, supra* (quoting *Walsh Securities, Inc. v. Cristo Property Management, Ltd.*, 7 F. Supp.2d 523, 526–27 (D.N.J. 1998) (citation omitted)). In the present case, a civil challenge to the constitutionality of the search likely would be related to the issues being tried in the criminal case. Further, a stay poses no discernible prejudice to Plaintiff because his rights are preserved under the statute of limitations. Any burden on Defendants arising from a stay can be minimized by serving the Complaint at this time, in order to alert the Defendants to the pendency of the action and the need to obtain counsel and to preserve evidence and witnesses. Finally, the interests of the court and the public interest are served by permitting the state criminal court, in the first instance, to determine the constitutionality of the searches. *Cf. Younger v. Harris*, 401 U.S. 37 (1971) (stating that it is not generally the role of the federal courts to interfere in pending state judicial proceedings; a federal court must abstain from addressing requests for injunctive relief against state court proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings).

Therefore, this Court will allow this claim of alleged false arrest to proceed, but stay the action until Plaintiff's state criminal proceedings are concluded. The Court will administratively terminate this case rather than dismiss the action while the stay is imposed pending resolution of the state criminal proceedings. The administrative termination operates so as to preserve Plaintiff's rights under the statute of limitations. Plaintiff may seek to lift the stay and re-open

7

this case within 45 days from the completion of the state court proceedings regarding the criminal charges.

## V. CONCLUSION

For the reasons set forth above, the Complaint will be dismissed without prejudice, in its entirety, with regard to any claim asserted on behalf of Plaintiff T. Castro, for failure to state a cognizable claim under 42 U.S.C. § 1983, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii). However, Plaintiff's claim asserting an unlawful search and seizure in violation of the Fourth Amendment will be administratively terminated with the intention of operating as a stay, not a dismissal, until Plaintiff's state criminal proceedings are completed. The Clerk of the Court will be directed to serve a copy of the Complaint and this Opinion and accompanying Order upon Defendants by regular U.S. mail, and close the case accordingly. Plaintiff shall have 45 days from completion of the state criminal proceedings to file a motion seeking to lift the stay and re-open this matter. An appropriate order follows.

MICHAEL A. SHIPP
United States District Judge

Dated: 1/17/14